# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **DATE FILED:** |
| **v.** | : | **CRIMINAL NO.    14-** |
| **THOMAS LICIARDELLO** | : | **VIOLATIONS:** |
| **BRIAN REYNOLDS** | | **18 U.S.C. § 1962(d)(RICO** |
| **MICHAEL SPICER** | : | **conspiracy -- 1 count)** |
| **PERRY BETTS** | | **18 U.S.C. § 241 (conspiracy to deprive of** |
| **LINWOOD NORMAN** | : | **civil rights -- 1 count)** |
| **JOHN SPEISER** | | **18 U.S.C. § 242 (deprivation of civil** |
| | : | **rights -- 2 counts)** |
| | : | **18 U.S.C. § 1951(a), (b)(1) (robbery which** |
| | | **interferes with interstate commerce --** |
| | : | **4 counts)** |
| | : | **18 U.S.C. § 1951(a), (b)(2) (extortion which** |
| | | **interferes with interstate commerce -- 1** |
| | | **count)** |
| | : | **18 U.S.C. § 924(c)(1) (carrying a firearm** |
| | | **during and in relation to a crime of violence** |
| | : | **-- 4 counts)** |
| | | **21 U.S.C. § 841 (possession with intent to** |
| | : | **distribute over 500 grams of cocaine --** |
| | | **1 count)** |
| | : | **18 U.S.C. § 1519 (falsification of records** |
| | | **in a federal investigation -- 12 counts)** |
| | : | **18 U.S.C. § 2(aiding and abetting)** |
| | | **Notice of Forfeiture** |

## INDICTMENT

## COUNT ONE

**THE GRAND JURY CHARGES THAT:**

At all times material to this indictment:

1.      The Narcotics Field Unit (NFU) was part of the Narcotics Bureau of the

Philadelphia Police Department (the Department).   The Narcotic Field Unit was created by the

Department to support its overall drug enforcement mission, that is, to identify, disrupt, deter and

apprehend persons and organizations involved in drug trafficking, drug-related violence, and

illegal vice activity throughout Philadelphia. According to the mission, the Narcotics Field Unit was designed to focus primarily on illegal narcotic sales and related drug activities that occurred inside residences or other buildings located throughout the City of Philadelphia. The Department intended the NFU to use various techniques, including undercover operations and the execution of search warrants, to develop evidence of drug activity taking place inside buildings.

2. Defendant Thomas Liciardello was employed as a police officer in Philadelphia. He started with the Philadelphia Police Department in 1995, and was assigned to the Narcotics Field Unit (NFU) from September 25, 2000 until December 4, 2012.

3. Defendant Brian Reynolds was employed as a police officer in Philadelphia. He started with the Philadelphia Police Department in 1993, and was assigned to the NFU from March 29, 1999 until December 11, 2012.

4. Defendant Michael Spicer was employed as a police officer in Philadelphia. He started with the Philadelphia Police Department in 1995, and was assigned to the NFU from April 4, 2000 until December 10, 2012.

5. Defendant Perry Betts was employed as a police officer in Philadelphia. He started with the Philadelphia Police Department in 1995, and was assigned to the NFU from November 15, 1999 until December 11, 2012.

6. Defendant Linwood Norman was employed as a police officer in Philadelphia. He started with the Philadelphia Police Department in 1989, and was assigned to the NFU from January 22, 2004 until November 21, 2013.

7.     Defendant John Speiser was employed as a police officer in Philadelphia.   He started with the Philadelphia Police Department in 1994, and was assigned to the NFU from September 7, 2007 until December 11, 2012.

8.     Jeffrey Walker, known to the grand jury and charged elsewhere, was employed as a police officer in Philadelphia.   He started with the Philadelphia Police Department in 1989, and was assigned to the NFU from March 1999 until May 22, 2013.

## The Enterprise

9.     At all times relevant to this indictment, defendants

**THOMAS LICIARDELLO,
BRIAN REYNOLDS,
MICHAEL SPICER,
PERRY BETTS,
LINWOOD NORMAN, and
JOHN SPEISER**

and others known and unknown to the grand jury, were members and associates of a criminal organization whose members and associates engaged in criminal acts out of the Philadelphia Police Department's Narcotics Field Unit.    The criminal organization, including its leadership, membership and associates, constituted an enterprise as defined in Title 18, United States Code, Section 1961(4), namely, a group of individuals associated in fact.    The enterprise constituted an ongoing organization whose members and associates functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise. The enterprise was engaged in, and its activities affected, interstate and foreign commerce.

## Purposes of the Enterprise

10.     The purposes of the enterprise included, but were not limited to, the following:

a.     Generating money for the members and associates of the enterprise

3

through the commission of various criminal acts including robbery, extortion, kidnapping, and drug dealing.

        b.        Concealing the activities of the members and associates of the enterprise from law enforcement scrutiny.

## The Racketeering Conspiracy

11.      From in or about February 2006, to on or about November 7, 2012, in Philadelphia, in the Eastern District of Pennsylvania, and elsewhere, defendants

**THOMAS LICIARDELLO,
BRIAN REYNOLDS,
MICHAEL SPICER,
PERRY BETTS,
LINWOOD NORMAN, and
JOHN SPEISER**

and Jeffrey Walker, and other persons known and unknown to the grand jury, being persons employed by and associated with the enterprise, which was engaged in, and the activities of which affected, interstate and foreign commerce, knowingly and intentionally combined, conspired, confederated, and agreed together and with other co-conspirators known and unknown to the grand jury, to violate Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of the enterprise, through a pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and 1961(5).

## Pattern of Racketeering Activity

12.      The pattern of racketeering activity through which the defendants and their co-conspirators agreed to conduct and participate in the conduct of the affairs of the Enterprise, consisted of:

        a.        multiple acts indictable under Title 18, United States Code, Section 1951 (relating to interference with commerce, robbery, or extortion);

b. multiple acts involving:

1. Robbery, chargeable under Title 18, Pennsylvania Consolidated Statutes Annotated, Sections 3701 (State Robbery), 903 (Conspiracy), and 901(Attempt);

2. Kidnapping, chargeable under Title 18, Pennsylvania Consolidated Statutes Annotated, Sections 2901 (State Kidnapping), 903 (Conspiracy), and 901 (Attempt); and

3. Extortion, chargeable under Title 18, Pennsylvania Consolidated Statutes Annotated, Sections 3923 (State Extortion), 903 (Conspiracy), and 901 (Attempt)

4. Buying, selling, or otherwise dealing in a controlled substance, chargeable under Title 21, United States Code, Sections 841 and 846.

13. It was part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the Enterprise.

**Manner and Means of the Defendants**

14. The manner and means by which the defendants and their conspirators agreed to conduct the affairs of the enterprise included the following, among others:

a. using and abusing their positions as police officers to stop vehicles driven or occupied by persons suspected of drug trafficking and robbing those persons of money, drugs, and personal property;

b. using and abusing their positions as police officers to enter premises used or occupied by persons suspected of drug trafficking and robbing those persons and others and extorting money and personal property from those persons and others;

c.      using force or threatened force to extract information from suspected drug traffickers and their associates about the location of money;

d.      sharing money, drugs, and personal property illegally obtained from persons suspected of drug trafficking and from their premises;

e.      transporting persons suspected of drug trafficking to a police district cellblock and keeping them there overnight, against their will, without being processed for arrest;

f.      transporting a person suspected of drug trafficking activity to a hotel and keeping him there, against his will, for days without being processed for arrest;

g.      distributing stolen narcotics and sharing the proceeds;

h.      using and falsifying Philadelphia Police Department paperwork, including but not limited to, "75-49" reports and property receipts, to protect the operation of the conspiracy and conceal its criminal purposes.

## OVERT ACTS

In furtherance of the racketeering conspiracy and to affect the objects of the conspiracy, the defendants committed the following overt acts, among others, in the Eastern District of Pennsylvania:

## Episode #1

1.      On or about February 28, 2006, members of the enterprise and their associates, including defendant THOMAS LICIARDELLO and Jeffrey Walker, in their capacity as police officers, entered the residence of R.B., a person known to the grand jury, located on the 4600 block of Frankford Avenue, Philadelphia, at gunpoint, and demanded drugs and money.

2.      On or about February 28, 2006, defendant THOMAS LICIARDELLO stole $12,000 in cash from R.B., cash that R.B. had accumulated from the sale of a conversion van.

3.      On or about February 28, 2006, members of the enterprise and their associates then removed R.B. from his residence and illegally confined him for several days in a hotel, during which time they repeatedly threatened him and his family if he did not cooperate with them.

4.      Members of the enterprise and their associates subsequently released R.B. from confinement without filing charges and after placing only $5,960 on a property receipt.

**Episode #2**

5.      On or about October 13, 2006, members of the enterprise and their associates, including defendant THOMAS LICIARDELLO and Jeffrey Walker, in their capacity as police officers, at gun point, illegally entered the residence of H.W., a person known to the grand jury, located on Nedro Avenue in Philadelphia and searched the house.

6.      On or about October 13, 2006, Jeffrey Walker found approximately $38,000 cash in a basement clothes dryer, seized the money, showed it to defendant THOMAS LICIARDELLO and took it.

7.      On or about October 13, 2006, defendant THOMAS LICIARDELLO and Jeffrey Walker divided the $38,000 cash between themselves.

8.      On or about October 13, 2006, defendant THOMAS LICIARDELLO, to conceal the theft from authorities, did not report the $38,000 cash found in the clothes dryer on a Philadelphia Police property receipt or otherwise prepare paperwork reporting the confiscation of $38,000 in cash from H.W.

**Episode #3**

9.      On or about October 16, 2007, members of the enterprise and their associates, including defendants THOMAS LICIARDELLO and BRIAN REYNOLDS, and

7

Jeffrey Walker, in their capacity as police officers, conducted a traffic stop on Ridge Avenue, in Philadelphia, of a car driven by R.K., a person known to the grand jury, whom they believed to be a drug dealer.

10.     On or about October 16, 2007, defendants THOMAS LICIARDELLO and BRIAN REYNOLDS and Jeffrey Walker seized $30,000 cash from R.K.'s car and divided up some of the money among themselves.

11.     On or about October 16, 2007, after seizing $30,000 in drug proceeds from the car, members of the enterprise and their associates transported R.K. to the 5th Police District where they held him in a cell overnight without processing him for arrest.

12.     On or about October 16, 2007, while R.K. was detained at the 5th Police District, defendants THOMAS LICIARDELLO and BRIAN REYNOLDS and Jeffrey Walker drove to R.K.'s apartment on City Line Avenue in Philadelphia.

13.     On or about October 16, 2007, defendant THOMAS LICIARDELLO and Jeffrey Walker entered R.K.'s apartment without a warrant and seized a safe, which they took out to their car.   Defendants LICIARDELLO and REYNOLDS and Jeffrey Walker stole approximately $80,000 in cash from the safe.

14.     On or about November 26, 2007, defendant THOMAS LICIARDELLO, to conceal the theft from authorities, authored a Philadelphia Police Department 75-49 report which stated that only $13,000 had been seized from R.K. and did not mention the seizure of a safe containing approximately $80,000 from R.K.'s apartment.

### Episode #4

15.     On or about November 26, 2007, members of the enterprise and their associates, including defendants THOMAS LICIARDELLO, PERRY BETTS, MICHAEL

SPICER, and LINWOOD NORMAN and Jeffrey Walker, in their capacity as police officers, arrested M.C., a person known to the grand jury, in the hallway of his apartment building on City Line Avenue in Philadelphia.    Defendant BETTS dragged M.C back into his apartment and threw M.C. into a wall.

16.    On or about November 26, 2007, members of the enterprise and their associates searched M.C.'s apartment before they had obtained a search warrant.

17.    On or about November 26, 2007, members of the enterprise and their associates repeatedly assaulted and threatened M.C. during the search to obtain information about the location of money, drugs, and drug suppliers.

18.    On or about November 26, 2007, in attempting to get the password for M.C.'s palm pilot, defendant THOMAS LICIARDELLO told defendant LINWOOD NORMAN and Jeffrey Walker to do whatever they had to do to get the password.

19.    On or about November 26, 2007, defendant LINWOOD NORMAN and Jeffrey Walker punched M.C. in the stomach.

20.    On or about November 26, 2007, defendant LINWOOD NORMAN lifted M.C. off his feet and leaned him over a balcony railing on the 18th floor of his apartment house.

21.    On or about November 26, 2007, members of the enterprise and their associates took money from M.C.'s nightstand and used it to purchase pizza for defendants PERRY BETTS, MICHAEL SPICER, and LINWOOD NORMAN, and Jeffrey Walker without M.C.'s permission.

22.    On or about November 26, 2007, defendants THOMAS LICIARDELLO, PERRY BETTS, MICHAEL SPICER, and LINWOOD NORMAN stole personal items belonging to M.C. valued at approximately $8,000 from M.C.'s apartment.

23.     On or about November 28, 2007, defendant THOMAS LICIARDELLO, to conceal the thefts and physical abuse of M.C. from authorities, authored a Philadelphia Police Department 75-49 report which did not state that there had been any physical abuse of M.C., did not state that any personal items had been taken from M.C.'s apartment, and did not state that M.C.'s money had been used to purchase food for the police.

**Episode #5**

24.     On or about February 7, 2008, members of the enterprise and their associates, including defendant THOMAS LICIARDELLO, in their capacity as police officers, broke into the residence of J.L., a person known to the grand jury, located on Mercer Street, in Philadelphia.

25.     On or about February 7, 2008, defendant THOMAS LICIARDELLO told J.L. that he would shoot J.L. if J.L tried to move.

26.     On or about February 7, 2008, members of the enterprise and their associates confiscated $24,600 in drug proceeds and an iPhone from inside J.L.'s residence.

27.     Sometime after February 7, 2008, defendant THOMAS LICIARDELLO met with J.L and offered to return J.L.'s iPhone in return for drug information.

28.     On or about February 25, 2008, defendant THOMAS LICIARDELLO, to conceal the theft from authorities, authored a Philadelphia Police Department 75-49 report which falsely stated that only $8,600 in cash had been seized from J.L.'s apartment and did not state anything about the seizure of J.L.'s iPhone.

**Episode #6**

29.     On or about October 22, 2008, members of the enterprise and their associates, including defendants THOMAS LICIARDELLO, MICHAEL SPICER, and PERRY

BETTS, in their capacity as police officers, stopped R.N., a person known to the grand jury, on a street in South Philadelphia.

30.    On or about October 22, 2008, defendant THOMAS LICIARDELLO transported R.N., whom the defendants suspected of being a drug dealer, to his parent's residence on South Darien Street in Philadelphia.

31.    On or about October 22, 2008, after gaining entry to the home, defendant THOMAS LICIARDELLO threatened to seize R.N's parent's home unless R.N. opened a safe. When R.N. relented and opened the safe for LICIARDELLO, the defendants took approximately $20,000 in drug proceeds from the safe.

32.    On or about October 23, 2008, defendant THOMAS LICIARDELLO, to conceal the theft from authorities, authored a Philadelphia Police Department 75-49 report which falsely stated that defendant PERRY BETTS seized only $6,260 in cash from R.N.'s safe and failed to report that the defendants stole approximately $13,740 from R.N.

**Episode #7**

33.    On or about December 17, 2008, members of the enterprise and their associates, including defendants THOMAS LICIARDELLO, MICHAEL SPICER, and BRIAN REYNOLDS, in their capacity as police officers, stopped M.P., a person known to the grand jury, on a street in Philadelphia.   The defendants transported M.P., whom they suspected of being a drug dealer, to his home on Jessup Street in Philadelphia, where they conducted a search.

34.    On or about December 17, 2008, while inside M.P.'s house, members of the enterprise and their associates ordered food and used money taken from M.P. by defendant THOMAS LICIARDELLO to pay for the food.

35.     On or about December 17, 2008, defendants THOMAS LICIARDELLO and BRIAN REYNOLDS confiscated $18,000 and a Rolex watch from inside M.P's house.

36.     On or about January 4, 2009, defendant THOMAS LICIARDELLO, to conceal the theft from authorities, authored a Philadelphia Police Department 75-49 report which falsely stated that only $4,750 had been seized, and did not mention the seizure of a Rolex watch or that M.P.'s money had been used to purchase food for the police.

**Episode #8**

37.     On or about July 21, 2009, members of the enterprise and their associates, including defendants THOMAS LICIARDELLO, BRIAN REYNOLDS, and MICHAEL SPICER, in their capacity as police officers, illegally entered the residence of T.C., a person known to the grand jury, located on Kirkwood Road in Philadelphia.   The defendants took T.C. to the basement and ordered him to open a safe that contained approximately $10,000 that T.C. had saved for his daughter's tuition.

38.     On or about July 21, 2009, defendant BRIAN REYNOLDS, in the presence of defendants THOMAS LICIARDELLO and MICHAEL SPICER, opened the safe with the combination given to him by T.C.

39.     On or about July 21, 2009, the defendants stole cash and personal gun accessories, such as holsters, magazines, and a night vision scope from inside T.C.'s residence.

40.     On or about September 7, 2009, defendant THOMAS LICIARDELLO, to conceal the theft from authorities, authored a Philadelphia Police Department 75-49 report which falsely stated that only $8,000 was taken from a safe in T.C.'s garage and did not state that the police had seized the above-listed personal gun accessories.

**Episode #9**

41.     On or about September 6, 2009, members of the enterprise and their associates, including defendant LINWOOD NORMAN and Jeffrey Walker, in their capacity as police officers, arrested O.R., a person known to the grand jury, in Upper Darby, Pennsylvania for his role in a drug transaction involving four kilograms of cocaine.

42.     On or about September 6, 2009, Jeffrey Walker took possession of three of the four kilograms of cocaine that defendant LINWOOD NORMAN and Jeffrey Walker had seized from O.R.

43.     On or about September 6, 2009, while defendant LINWOOD NORMAN processed the arrest of O.R., Jeffrey Walker took the three kilograms of cocaine to his house.

44.     On or about September 6, 2009, Jeffrey Walker, to conceal the theft from authorities, prepared police paperwork on the arrest of O.R. that falsely reported that he and NORMAN had arrested O.R. in possession of one kilogram of cocaine and failed to report that defendant NORMAN and Walker had stolen three additional kilograms of cocaine from O.R.

45.      On or about September 6, 2009, Jeffrey Walker subsequently gave the three kilograms of cocaine to defendant LINWOOD NORMAN so that he could sell them.   After selling the cocaine, defendant NORMAN gave $17,000 to Walker, representing his share of the proceeds from the sale of the three kilograms of cocaine.

**Episode #10**

46.     On or about December 7, 2009, members of the enterprise and their associates, including defendants THOMAS LICIARDELLO, BRIAN REYNOLDS, PERRY BETTS, and MICHAEL SPICER, in their capacity as police officers, entered the residence of I.B., a person known to the grand jury, located on Warrington Avenue in Philadelphia.

47.     On or about December 7, 2009, defendants THOMAS LICIARDELLO, BRIAN REYNOLDS, PERRY BETTS, and MICHAEL SPICER took a silver box from I.B. containing $86,000, which was to be used by I.B. to purchase marijuana.

48.     On or about December 7, 2009, defendants THOMAS LICIARDELLO, BRIAN REYNOLDS, PERRY BETTS and MICHAEL SPICER took an additional $42,000 in cash from inside I.B.'s home.

49.     On or about January 3, 2010, defendant THOMAS LICIARDELLO, to conceal the theft from authorities, authored a Philadelphia Police Department 75-49 report which falsely stated that $65,000 in cash, taken from a silver box in I.B.'s house, was the only cash seized by the defendants and failed to report the additional $63,000 in cash that the defendants had stolen from I.B.

### Episode #11

50.     On or about February 3, 2010, defendants THOMAS LICIARDELLO and BRIAN REYNOLDS, in their capacity as police officers, arrested V.R., a person known to the grand jury, near the 1600 block of North 52nd Street in Philadelphia, and took $5,000 in drug money from his pocket, and approximately $8,700 from his car

51.     On or about February 3, 2010, defendants THOMAS LICIARDELLO and BRIAN REYNOLDS stole an iPod and jewelry, including a Rolex watch, from V.R.'s house on North St. Bernard Street in Philadelphia.

52.     On or about February 8, 2010, defendant BRIAN REYNOLDS, to conceal the theft from authorities, authored a Philadelphia Police Department 75-49 report which falsely stated that $1,858 in cash was taken from V.R. and failed to report the additional cash, the iPod and the jewelry, including the Rolex watch, that REYNOLDS and LICIARDELLO had stolen from

V.R.

**Episode #12**

53.     On or about February 24, 2010, members of the enterprise and their associates, including defendants THOMAS LICIARDELLO, BRIAN REYNOLDS, PERRY BETTS, and MICHAEL SPICER, in their capacity as police officers, used a sledge hammer to break into the third floor apartment of J.K., a person known to the grand jury, located on North Front Street in Philadelphia.

54.     On or about February 24, 2010, defendant MICHAEL SPICER punched J.K., whom the defendants suspected of being a drug dealer, in the mouth, knocking out some of his lower teeth, and held J.K over a balcony from approximately thirty feet off the ground in an effort to learn the location of drugs and money inside the apartment.

55.     On or about February 24, 2010, one or more of the defendants asked J.K. where the drugs and the money were, causing J.K to inform them that he had money in a piece of luggage and a dresser drawer.

56.     On or about February 24, 2010, defendants THOMAS LICIARDELLO, BRIAN REYNOLDS, PERRY BETTS, and MICHAEL SPICER seized $210,000 in cash from inside J.K.'s apartment and one or more of the defendants stole a Calvin Klein suit.

57.     On or about February 25, 2010, defendant THOMAS LICIARDELLO, to conceal the theft and physical abuse from authorities, authored a Philadelphia Police Department 75-49 report which did not state that there had been any physical abuse to J.K., falsely stated that only $130,970 in cash was found in J.K.'s apartment, and failed to state that they had stolen an additional $79,030 in cash and a Calvin Klein suit from J.K.

### Episode #13

58.     On or about March 7, 2010, members of the enterprise and their associates, including defendants THOMAS LICIARDELLO, BRIAN REYNOLDS, PERRY BETTS, JOHN SPEISER, and MICHAEL SPICER, and Jeffrey Walker, in their capacity as police officers, entered the residence of C.C., a person known to the grand jury, located on Porter Street in Philadelphia, by kicking in the front door.

59.     On or about March 7, 2010, defendants THOMAS LICIARDELLO, BRIAN REYNOLDS, PERRY BETTS, MICHAEL SPICER, and JOHN SPEISER, and Jeffrey Walker seized approximately $3,200 cash from C.C.'s house.

60.     On or about April 18, 2010, defendant THOMAS LICIARDELLO, to conceal the theft from authorities, authored a Philadelphia Police Department 75-49 report which falsely stated that only $196 in cash was seized from C.C. and failed to report the additional approximate $3,000 in cash that they had stolen from C.C.

### Episode #14

61.     On or about March 23, 2010, members of the enterprise and their associates, including defendant LINWOOD NORMAN and Jeffrey Walker, in their capacity as police officers, went to the house of C.T., a person known to the grand jury, on Annin Street in Philadelphia and conducted a search.

62.     Inside the house, defendant LINWOOD NORMAN and Jeffrey Walker found and split between themselves approximately $20,000 that they found in a second floor bedroom.

63.     On or about May 4, 2010, defendant LINWOOD NORMAN, to conceal the theft from authorities, authored a Philadelphia Police Department 75-52 falsely stating that only $1,000 cash had been seized from the Annin Street property.

**Episode #15**

64.     On or about June 7, 2010, members of the enterprise and their associates, including defendants THOMAS LICIARDELLO, BRIAN REYNOLDS, PERRY BETTS, and MICHAEL SPICER, in their capacity as police officers, arrested M.L., a person known to the grand jury, on the street for participating in a drug trafficking offense.

65.     On or about June 7, 2010, defendants THOMAS LICIARDELLO, BRIAN REYNOLDS, and MICHAEL SPICER and Jeffrey Walker and other persons known to the grand jury then went to M.L.'s house on Spring Street in Philadelphia.

66.     On or about June 7, 2010, defendants THOMAS LICIARDELLO, BRIAN REYNOLDS, and MICHAEL SPICER and Jeffrey Walker and other persons known to the grand jury told M.L.'s mother that they had arrested M.L. and threatened her with eviction from her house if she did not give them permission to search M.L.'s room.

67.     On or about June 7, 2010, defendants THOMAS LICIARDELLO, BRIAN REYNOLDS, and MICHAEL SPICER and Jeffrey Walker and other persons known to the grand jury discovered and seized approximately $35,000 in cash drug proceeds from M.L.'s room and split the money among themselves.

68.     On or about September 6, 2010, defendant THOMAS LICIARDELLO, to conceal the theft from authorities, authored a Philadelphia Police Department 75-49 report which falsely stated that no cash was found during the search of M.L.'s room.

**Episode #16**

69.     On or about June 30, 2010, members of the enterprise and their associates, including defendants THOMAS LICIARDELLO, PERRY BETTS, LINWOOD NORMAN, and MICHAEL SPICER, and Jeffrey Walker, in their capacity as police officers, entered the residence

of K.W., a person known to the grand jury, located on North 51st Street in Philadelphia by kicking in the front door.

70.     On or about June 30, 2010, defendants THOMAS LICIARDELLO, MICHAEL SPICER, PERRY BETTS, and LINWOOD NORMAN and Jeffrey Walker discovered and seized approximately $16,200 cash from an upstairs closet in K.W.'s house.

71.     On or about September 19, 2010, Jeffrey Walker, to conceal the theft from authorities, authored a Philadelphia Police Department 75-49 report which falsely stated that only $2,413 in cash was found during the search of K.W.'s house and failed to report the additional $13,787 in cash that they had stolen from K.W.

**Episode #17**

72.     On or about August 14, 2010, members of the enterprise and their associates, including defendants THOMAS LICIARDELLO, BRIAN REYNOLDS, and JOHN SPEISER, in their capacity as police officers, stopped L.S., a person known to the grand jury, near 38th Street in Philadelphia.

73.     On or about August 14, 2010, defendants THOMAS LICIARDELLO, BRIAN REYNOLDS, and JOHN SPEISER, confiscated a total of $1,100 in cash from L.S.

74.     On March 10, 2011, defendant THOMAS LICIARDELLO, to conceal the theft from authorities, authored a Philadelphia Police Department 75-49 report, which falsely stated that only $507 in cash had been seized from L.S.    To conceal the theft of the additional $593 from L.S., defendant LICIARDELLO falsely stated in the report that Jeffrey Walker had made an undercover purchase of Endocets from L.S., when LICIARDELLO knew that was not true.

## Episode #18

75.     On or about February 1, 2011, members of the enterprise and their associates, including defendants MICHAEL SPICER and PERRY BETTS, in their capacity as police officers, stopped R.S., a person known to the grand jury, near his apartment on Horrocks Street in Philadelphia, took R.S.'s keys, and arrested him.

76.     On or about February 1, 2011, defendants MICHAEL SPICER and PERRY BETTS and others known and unknown to the grand jury went to R.S.'s apartment and stole approximately $7,000 cash from a cigar box.

77.     On March 6, 2011, defendant PERRY BETTS, to conceal the theft from authorities, authored a Philadelphia Police Department 75-49 report in which he did not record the seizure of $7,000 from the cigar box.

## Episode #19

78.     On or about June 23, 2011, members of the enterprise and their associates, including defendants THOMAS LICIARDELLO and MICHAEL SPICER, in their capacity as police officers, stopped J.M., a person known to the grand jury, on Henry Avenue in Philadelphia.

79.     On or about June 23, 2011, defendants THOMAS LICIARDELLO and MICHAEL SPICER searched J.M.'s truck, and seized $32,000.

80.     On or about June 24, 2011, defendant THOMAS LICIARDELLO, to conceal the theft from authorities, authored a Philadelphia Police Department 75-49 report which falsely stated that only $24,000 in cash was found during the search of J.M.'s truck and failed to report the additional $8,000 in cash that they had stolen from J.M.

## Episode #20

81.    On or about June 23, 2011, members of the enterprise and their associates, including defendants THOMAS LICIARDELLO and BRIAN REYNOLDS forced their way into W.L's machine shop on Sedgwick Street in Philadelphia and began to search the shop.

82.    On or about June 23, 2011, during the search of W.L.'s shop, defendant THOMAS LICIARDELLO kicked W.L. in the teeth, breaking off a portion of his teeth in the upper half of his mouth.   One or more of the defendants kicked W.L. in the groin and hit him with a steel bar in the back of the head.

83.    On or about June 23, 2011, defendants THOMAS LICIARDELLO and BRIAN REYNOLDS and others known and unknown to the grand jury discovered and seized approximately $41,158 in cash from inside W.L.'s shop.

84.    On or about June 24, 2011, defendant THOMAS LICIARDELLO, to conceal the theft and physical abuse of W.L. from authorities, authored a Philadelphia Police Department 75-49 report which did not state that there had been any physical abuse of W.L., falsely stated that only $6,650 in cash was found during the search of W.L. and his shop, and failed to report the additional $34,400 in cash that they had stolen from W.L.

## Episode #21

85.    On or about November 3, 2011, members of the enterprise and their associates, including defendants BRIAN REYNOLDS and PERRY BETTS, in their capacity as police officers, searched the residence of T.A., a person known to the grand jury, located on Cedar Avenue in Philadelphia.

86.     On or about November 3, 2011, defendants BRIAN REYNOLDS and PERRY BETTS and other persons known and unknown to the grand jury confiscated from a dresser drawer $6,000 in federal government flood relief funds that had been provided to T.A. to compensate her for damage caused by flooding.   Defendants REYNOLDS and BETTS also confiscated a gold ring and a handgun registered to T.A.

87.     On November 10, 2011, S.D., a police officer known to the grand jury, to conceal the theft from authorities, authored a Philadelphia Police Department 75-49 report which falsely stated that defendant PERRY BETTS found only $1,950 in a dresser drawer and failed to report the additional $4,050 in cash and the gold ring that BETTS and REYNOLDS had stolen from T.A.   S.D. also prepared the report so as to charge K.M., a person known to the grand jury, with the possession of T.A.'s handgun.   S.D. failed to state in the report that T.A. had the paperwork for the handgun or that T.A. had acknowledged possession of the gun.

## Episode #22

88.     On or about November 7, 2012, members of the enterprise and their associates, including defendants THOMAS LICIARDELLO, BRIAN REYNOLDS, and JOHN SPEISER, in their capacity as police officers, conducted a traffic stop in the area of Jessup Street in Philadelphia of a car driven by M.P, a person known to the grand jury.

89.     On or about November 7, 2012, defendants THOMAS LICIARDELLO, BRIAN REYNOLDS, and JOHN SPEISER, took $3,900 from MP.

90.     On or about November 7, 2012, defendant JOHN SPEISER, to conceal the theft from authorities, authored a Philadelphia Police Department 75-49 report which falsely stated that no cash had been seized from M.P. and failed to report the $3,900 that they stole from M.P.

All in violation of Title 18, United States Code, Section 1962(d)

21

**COUNT TWO**

**THE GRAND JURY FURTHER CHARGES THAT:**

        1.      Paragraphs 1-6, 8, 10, and 12 through 14 of Count One are incorporated herein.

        2.      Between on or about April, 2006 and in or about June 2011, in the Eastern District of Pennsylvania, defendants

**THOMAS LICIARDELLO,**
**MICHAEL SPICER,**
**PERRY BETTS, and**
**LINWOOD NORMAN**

and others known and unknown to the grand jury, while acting under color of the laws of the Commonwealth of Pennsylvania, did conspire, combine, confederate, and agree to injure, oppress, threaten, and intimidate the below listed victims in the exercise or enjoyment of a right, secured and protected by the Constitution of the United States, that is, to be free from excessive force being used during a search and seizure by those acting under color of law, by agreeing to use excessive force against the below listed victims during their arrest.

| Date | Victim |
| --- | --- |
| 04/20/06 | D.M. |
| 11/26/07 | M.C. |
| 02/24/10 | J.K. |
| 06/23/11 | W.L. |

**OVERT ACTS**

        3.      Paragraphs 15 through 23, 53 through 57, and 81 through 84 of the Overt Acts Section of Count One are incorporated herein.

4.      On or about April 20, 2006, defendant THOMAS LICIARDELLO, while participating in a game with two other persons known to the grand jury, in which the participants would receive points for different types of physical abuse that they could inflict on subjects, struck D.M. in the head with the back of his gun, despite D.M. being on his knees with his hands on the top of his head.    LICIARDELLO later turned in a false police report claiming that D.M. raised his hand to LICIARDELLO and that LICIARDELLO responded by striking D.M. in the head with his fist causing D.M. to fall against a cinder block wall, causing a laceration to D.M.'s head.

All in violation of Title 18, United States Code, Section 241.

## COUNT THREE

**THE GRAND JURY FURTHER CHARGES THAT:**

        1.      Paragraphs 1-6, 8, 10, and 12 through 14 of Count One and Paragraphs 53 through 57 of the Overt Acts Section of Count One are incorporated herein.

        2.      On or about February 24, 2010, in the Eastern District of Pennsylvania, defendant

**MICHAEL SPICER,**

and others known and unknown to the grand jury, while acting under color of the laws of the Commonwealth of Pennsylvania, did willfully deprive J.K. of a right secured or protected by the Constitution or laws of the United States, that is, to be free from excessive force being used, resulting in bodily injury, during a search and seizure by those acting under color of law.

        In violation of Title 18, United States Code, Section 242.

## COUNT FOUR

**THE GRAND JURY FURTHER CHARGES THAT:**

1.      Paragraphs 1-6, 8, 10, and 12 through 14 of Count One and Paragraphs 81 through 84 of the Overt Acts Section of Count One are incorporated herein.

2.      On or about June 23, 2011, in the Eastern District of Pennsylvania, defendant

**THOMAS LICIARDELLO**

and others known and unknown to the grand jury, while acting under color of the laws of the Commonwealth of Pennsylvania, did willfully deprive W.L. of a right secured or protected by the Constitution or laws of the United States, that is, to be free from excessive force being used, resulting in bodily injury, during a search and seizure by those acting under color of law.

In violation of Title 18, United States Code, Section 242.

## COUNT FIVE

**THE GRAND JURY FURTHER CHARGES THAT:**

1.    Paragraphs 46 through 49 of the Overt Acts Section of Count One are incorporated herein.

2.    On or about December 7, 2009, in Philadelphia, in the Eastern District of Pennsylvania, defendants

**THOMAS LICIARDELLO,**
**BRIAN REYNOLDS,**
**PERRY BETTS, and**
**MICHAEL SPICER**

obstructed, delayed and affected commerce and the movement of articles and commodities in commerce by robbery, in that defendants LICIARDELLO, REYNOLDS, BETTS, and SPICER and others known and unknown to the grand jury unlawfully took and obtained, and aided and abetted the unlawful taking and obtaining of United States currency belonging to I.B., against his will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to his person and property, that is, by taking his drug money after entering his house at gunpoint.

In violation of Title 18, United States Code, Sections 1951(a), (b)(1) and 2.

## COUNT SIX

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about December 7, 2009, in the Eastern District of Pennsylvania,

defendants

**THOMAS LICIARDELLO,
BRIAN REYNOLDS,
PERRY BETTS, and
MICHAEL SPICER**

knowingly used and carried, and aided and abetted the use and carrying of, a firearm, during and in

relation to a crime of violence for which they may be prosecuted in a court of the United States, that

is, robbery which interferes with interstate commerce, in violation of Title 18, United States Code,

Sections 1951 and 2.

In violation of Title 18, United States Code, Sections 924(c)(1) and 2.

## COUNT SEVEN

**THE GRAND JURY FURTHER CHARGES THAT:**

1.      Paragraphs 50 through 52 of the Overt Acts Section of Count One are incorporated herein.

2.      On or about February 3, 2010, in Philadelphia, in the Eastern District of Pennsylvania, defendant

**THOMAS LICIARDELLO** and
**BRIAN REYNOLDS**

obstructed, delayed and affected commerce and the movement of articles and commodities in commerce by robbery, in that defendants LICIARDELLO and REYNOLDS and others known and unknown to the grand jury unlawfully took and obtained, and aided and abetted the unlawful taking and obtaining of United States currency belonging to V.R., against his will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to his person and property, that is, by taking his drug money at gunpoint.

In violation of Title 18, United States Code, Sections 1951(a), (b)(1) and 2.

## COUNT EIGHT

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about February 3, 2010, in the Eastern District of Pennsylvania, defendants

**THOMAS LICIARDELLO** and
**BRIAN REYNOLDS**

knowingly used and carried, and aided and abetted the use and carrying of, a firearm, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, that is, robbery which interferes with interstate commerce, in violation of Title 18, United States Code, Sections 1951 and 2.

In violation of Title 18, United States Code, Sections 924(c)(1) and 2.

## COUNT NINE

**THE GRAND JURY FURTHER CHARGES THAT:**

1.      Paragraphs 53 through 57 of the Overt Acts Section of Count One are incorporated herein.

2.      On or about February 24, 2010, in Philadelphia, in the Eastern District of Pennsylvania, defendants

**THOMAS LICIARDELLO,**
**BRIAN REYNOLDS,**
**PERRY BETTS, and**
**MICHAEL SPICER**

obstructed, delayed and affected commerce and the movement of articles and commodities in commerce by robbery, in that defendants LICIARDELLO, REYNOLDS, BETTS, and SPICER and others known and unknown to the grand jury unlawfully took and obtained, and aided and abetted the unlawful taking and obtaining of United States currency belonging to J.K., against his will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to his person and property, that is, by taking his drug money after punching him in the mouth, knocking out some of his lower teeth, holding him over a balcony approximately thirty feet from the ground, and displaying their firearms.

In violation of Title 18, United States Code, Sections 1951(a), (b)(1) and 2.

## COUNT TEN

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about February 24, 2010, in the Eastern District of Pennsylvania,

defendants

**THOMAS LICIARDELLO,**
**BRIAN REYNOLDS,**
**PERRY BETTS, and**
**MICHAEL SPICER**

knowingly used and carried, and aided and abetted the use and carrying of, a firearm, during and in

relation to a crime of violence for which they may be prosecuted in a court of the United States, that

is, robbery which interferes with interstate commerce, in violation of Title 18, United States Code,

Sections 1951 and 2.

In violation of Title 18, United States Code, Sections 924(c)(1) and 2.

## COUNT ELEVEN

**THE GRAND JURY FURTHER CHARGES THAT:**

      1.      Paragraphs 41 through 45 of the Overt Acts Section of Count One are incorporated herein.

      2.      On or about September 6, 2009, in Upper Darby, in the Eastern District of Pennsylvania, defendant

**LINWOOD NORMAN**

obstructed, delayed and affected commerce and the movement of articles and commodities in commerce by robbery, in that defendant NORMAN and others known and unknown to the grand jury unlawfully took and obtained, and aided and abetted the unlawful taking and obtaining of cocaine in the possession of O.R., against his will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to his person and property, that is, by taking the cocaine at gunpoint.

      In violation of Title 18, United States Code, Sections 1951(a), (b)(1) and 2.

## COUNT TWELVE

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about September 6, 2009, in the Eastern District of Pennsylvania, defendant

**LINWOOD NORMAN**

knowingly used and carried, and aided and abetted the use and carrying of, a firearm, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is, robbery which interferes with interstate commerce, in violation of Title 18, United States Code, Sections 1951 and 2.

In violation of Title 18, United States Code, Sections 924(c)(1) and 2.

## COUNT THIRTEEN

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about September 6, 2009, in Philadelphia, in the Eastern District of Pennsylvania, and elsewhere, defendant

### LINWOOD NORMAN

knowingly and intentionally possessed with intent to distribute 500 grams or more, that is, approximately 3,000 grams, of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(B).

## COUNT FOURTEEN

**THE GRAND JURY FURTHER CHARGES THAT:**

1. Paragraphs 64 through 68 of the Overt Acts section of Count One are incorporated herein.

2. On or about June 7, 2010, in Philadelphia, in the Eastern District of Pennsylvania, defendants

**THOMAS LICIARDELLO,**
**BRIAN REYNOLDS, and**
**MICHAEL SPICER**

obstructed, delayed and affected commerce and the movement of articles and commodities in commerce by extortion, in that defendants LICIARDELLO, REYNOLDS, and SPICER and others known and unknown to the grand jury unlawfully took and obtained, and aided and abetted the unlawful taking and obtaining of cash that was drug proceeds belonging to M.L. by the wrongful use of actual or threatened force, violence or fear and under color of official right.

In violation of Title 18, United States Code, Sections 1951a), (b)(2) and 2.

## COUNTS FIFTEEN THROUGH TWENTY-TWO

**THE GRAND JURY FURTHER CHARGES THAT:**

1.      Paragraphs 37 through 40; 46 through 49; 53 through 57; 58 through 60; 64 through 68; 72 through 74; 78 through 80; and 81 through 84 of the Overt Acts Section of Count One are incorporated herein.

2.      On or about the below listed dates, in Philadelphia, in the Eastern District of Pennsylvania, defendant

### THOMAS LICIARDELLO

knowingly made a false entry in an official Philadelphia Police Department 75-49 report with the intent to impede, obstruct, and influence the investigation and proper administration of a matter within the jurisdiction of the Federal Bureau of Investigation.

| Count | Date of Entry |
|-------|---------------|
| 15. | September 7, 2009 |
| 16. | January 3, 2010 |
| 17. | February 25, 2010 |
| 18. | April 18, 2010 |
| 19. | September 6, 2010 |
| 20. | March 10, 2011 |
| 21. | June 24, 2011 |
| 22. | June 24, 2011 |

All in violation of Title 18, United States Code, Section 1519.

## COUNT TWENTY-THREE

**THE GRAND JURY FURTHER CHARGES THAT:**

1.      Paragraphs 61 through 63 of the Overt Acts Section of Count One are incorporated herein.

2.      On or about May 4, 2010, in Philadelphia, in the Eastern District of Pennsylvania, defendant

### LINWOOD NORMAN

knowingly made a false entry in an official Philadelphia Police Department 75-52 report with the intent to impede, obstruct, and influence the investigation and proper administration of a matter within the jurisdiction of the Federal Bureau of Investigation.

In violation of Title 18, United States Code, Section 1519.

## COUNT TWENTY-FOUR

**THE GRAND JURY FURTHER CHARGES THAT:**

       1.     Paragraphs 50 through 52 of the Overt Acts Section of Count One are incorporated herein.

       2.     On or about February 8, 2010, in Philadelphia, in the Eastern District of Pennsylvania, defendant

**BRIAN REYNOLDS**

knowingly made a false entry in an official Philadelphia Police Department 75-49 report with the intent to impede, obstruct, and influence the investigation and proper administration of a matter within the jurisdiction of the Federal Bureau of Investigation.

       In violation of Title 18, United States Code, Section 1519.

## COUNT TWENTY-FIVE

**THE GRAND JURY FURTHER CHARGES THAT:**

   1. Paragraphs 75 through 77 of the Overt Acts Section of Count One are incorporated herein.

   2. On or about March 6, 2011, in Philadelphia, in the Eastern District of Pennsylvania, defendant

### PERRY BETTS

knowingly made a false entry in an official Philadelphia Police Department 75-49 report with the intent to impede, obstruct, and influence the investigation and proper administration of a matter within the jurisdiction of the Federal Bureau of Investigation.

   In violation of Title 18, United States Code, Section 1519.

## COUNT TWENTY-SIX

**THE GRAND JURY FURTHER CHARGES THAT:**

1.     Paragraphs 88 through 90 of the Overt Acts Section of Count One are incorporated herein.

2.     On or about November 7, 2012, in Philadelphia, in the Eastern District of Pennsylvania, defendant

### JOHN SPEISER

knowingly made a false entry in an official Philadelphia Police Department 75-49 report with the intent to impede, obstruct, and influence the investigation and proper administration of a matter within the jurisdiction of the Federal Bureau of Investigation.

In violation of Title 18, United States Code, Section 1519.

## NOTICE OF FORFEITURE

**THE GRAND JURY FURTHER CHARGES THAT:**

1.     The allegations of Count One of this indictment are incorporated here for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 1963, and Title 28, United States Code, Section 2461(c).   Pursuant to Rule 32.2, Federal Rules of Criminal Procedure, notice is hereby given to the defendants that the United States will seek forfeiture as part of any sentence in accordance with Title 18, United States Code, Section 1963 in the event of any defendant's conviction under Count One of this indictment.

2.     Pursuant to Title 18, United States Code, Section 1963, upon conviction of an offense in violation of Title 18, United States Code, Section 1962, set forth in Count One of this indictment, the defendants:

**THOMAS LICIARDELLO,**
**BRIAN REYNOLDS,**
**MICHAEL SPICER,**
**PERRY BETTS,**
**LINWOOD NORMAN, and**
**JOHN SPEISER**

shall forfeit to the United States:

a.     any interest acquired or maintained in violation of Title 18, United States Code, Section 1962;

b.     any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over any enterprise which the defendants established, operated, controlled, conducted, or participated in the conduct of, in violation of Title 18, United States Code, Section 1962; and

      c.      any property constituting, or derived from proceeds obtained, directly or indirectly from racketeering activity, in violation of Title 18, United States Code, Section 1962.

    3.     The property to be forfeited to the United States pursuant to Title 18, United States Code, Section 1962(a)(1)-(3), includes but is not limited to a money judgment of at least $500,000.

    4.     If any of the property described in paragraphs 2 and 3 above, as a result of any act or omission of a defendant:

      A.      cannot be located upon the exercise of due diligence;

      B.      has been transferred or sold to, or deposited with, a third person;

      C.      has been placed beyond the jurisdiction of the Court;

      D.      has been substantially diminished in value; or

      E.      has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 1963(m), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

    5.     The above-named defendants, and each of them, are jointly and severally liable for the forfeiture obligations as alleged above.

    All pursuant to Title 18, United States Code, Section 1963.

                    **A TRUE BILL:**

                 _____

                 **GRAND JURY FOREPERSON**

_____
**ZANE DAVID MEMEGER**
**United States Attorney**