# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 14-412-01 |
| THOMAS LICIARDELLO | : | |

## PRETRIAL DETENTION ORDER

AND NOW, this ____ day of August 2014, after an evidentiary hearing and argument of counsel for the government and the defendant, the Court finds that:

(a) the government has proved by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required; and

(b) the government has proved by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons and the community, as required by Title 18, United States Code, Section 3142(e).

The Court makes the following findings of fact:

This case is appropriate for detention under Title 18, United States Code, Section 3142(e) because:

### A. Probable Cause And The Evidence In This Case

1. A federal grand jury returned an indictment on July 29, 2014 charging the defendant with RICO conspiracy, conspiracy to deprive of civil rights, deprivation of civil rights, three counts of Hobbs Act robbery, three counts of use of a firearm during a crime of violence,

Hobbs Act extortion, and eight counts of falsification of records in a federal investigation.

  2.  The evidence in this case is strong, and includes the testimony of eighteen separate victims and a cooperating witness. Defendant Liciardello and his co-conspirators:

  a.  stole over $6,000 from R.B at gunpoint and kept him at an airport hotel against his will for several days, during which time the defendant and his co-conspirators threatened R.B;

  b.  stole $38,000 from H.W. at gunpoint and later divided the money;

  c.  stole approximately $17,000 from R.K. at gunpoint, then traveled to and searched R.K.'s apartment without a warrant, where they stole a safe containing approximately $80,000, while keeping R.K. in a police district cell without arrest processing;

  d.  after Liciardello told Jeffrey Walker and Linwood Norman to do what they had to do to get information from M.C., punched M.C. and leaned him over a balcony railing from the 18th floor of his apartment building. Approximately $8,000 in personal property was taken from M.C;

  e.  stole $24,600 from J.L. at gunpoint;

  f.  stole over $13,000 from R.N. at gunpoint after forcing him to open a safe by threatening to seize R.N.'s parent's home;

  g.  stole over $16,000 and a Rolex watch from M.P. at gunpoint;

  h.  stole $2,000 in cash from T.C. at gunpoint after forcing T.C. to provide the combination for his safe, which contained his daughter's tuition money;

  i.  stole $63,000 in cash from I.B. at gunpoint;

j. stole approximately $11,000 from V.R. at gunpoint, then traveled to V.R.'s house, where they stole personal items including a Rolex watch;

k. stole approximately $79,000 from J.K. at gunpoint, after one of the co-conspirators punched J.K. in the mouth, knocking out some of his lower teeth, and leaned him over a railing from approximately thirty feet off the ground;

l. stole approximately $3,000 from C.C. at gunpoint;

m. stole approximately $35,000 from M.L. at gunpoint after threatening M.L.'s mother with eviction if she did not give them permission to search the house;

n. stole approximately $13,000 from K.W. at gunpoint;

o. stole approximately $590 from L.S. at gunpoint;

p. stole approximately $8,000 from J.M. at gunpoint;

q. stole approximately $34,000 from W.L. after the defendant and co-conspirators kicked W.L. in the mouth, breaking off a portion of his teeth, kicked him in the groin, and hit him in the back of the head with a steel bar;

### B. Maximum Penalties

The maximum sentence that the defendant can receive is lifetime imprisonment, including a mandatory sentence of 57 years imprisonment as a result of the firearms charges, 5 years of supervised release, a fine of $4,500,000, and a $1,800 special assessment.

### C. Ties to the Community

While the defendant arguably has some ties to the community, the legislative history of the Comprehensive Crime Control Act of 1983 indicates that Congress found that community or family ties do not and should not weigh heavily in the risk of flight analysis. *See*

Sen. Comm. on Judiciary, *Comprehensive Crime Control Act of 1983*, S. Rep. No. 98-225, 98th Cong., 1st Sess. 24, 25 (1983).

### D. <u>Rebuttable Presumption</u>

As the instant offense violates 18 U.S.C. § 924(c), there exists a rebuttable presumption that no condition of release, or combination of conditions, will reasonably assure the appearance of the defendant as required and the safety of other persons and the community. *See* 18 U.S.C. §§ 3142(e), and (f)(1)(A); and 18 U.S.C. § 924(c)(1). The defendant has failed to rebut this presumption.

Therefore, IT IS ORDERED that the defendant be committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; that the defendant be afforded reasonable opportunity for private consultation with counsel; and that, on order of a Court of the United States, or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

- Defendant had a leadership role
- Defendant attempted to intimidate a witness

BY THE COURT:

_____
HONORABLE RICHARD A. LLORET
United States Magistrate Judge

- 4 -